United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID CLINE, et al.,

Plaintiffs,

v.

CALPINE OPERATING SERVICES COMPANY, INC., et al.,

Defendants.

Case No. 26-cv-14012-TSH

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

Plaintiffs David Cline, individually and as guardian ad litem for minors GC and JC, Jackson Cline, and Zahann Cline filed this action against Defendants Calpine Operating Services Company, Inc. and Geyser Power Company, LLC,[1] alleging two claims: (1) wrongful death sounding in general negligence and (2) wrongful death sounding in general negligence and premises liability. Compl. ¶¶ 22–35, ECF No. 4. The complaint asserts the Court has jurisdiction based on federal diversity jurisdiction under 28 U.S.C. § 1332,[2] alleging each Plaintiff is a California resident, that Calpine is a Delaware corporation with its principal place of business in Houston, Texas, and that Geyser Power is a Delaware limited liability company with its principal place of business in Houston, Texas. *Id.* ¶¶ 2–5, 7, 9.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, they "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated

[1] The caption names "Geyser Power Company, LLC," but the body of the complaint refers to "Geysers Power Company LLC" and, at times, "Geyser Powers." *Compare* Compl. at 1, *with id.* ¶¶ 7, 15, 28.

[2] The complaint invokes 28 U.S.C. § 1332(a)(2), Compl. ¶ 9, which reaches suits between "citizens of a State and citizens or subjects of a foreign state." No party is alleged to be a foreign citizen or subject. The applicable provision appears to be § 1332(a)(1), which reaches suits between "citizens of different States."

to consider sua sponte whether [they] have subject matter jurisdiction"); *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 n.12 (9th Cir. 2012) ("Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists.") (cleaned up).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(1)-(2).

Here, there is no federal question jurisdiction because the claims all arise under state law. *See* Compl. ¶¶ 22-35. As the parties asserting diversity jurisdiction, Plaintiffs bear the burden of proving that diversity jurisdiction exists. *See Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961) ("[T]he burden of proving federal jurisdiction is upon the party asserting it[.]") (citation omitted).

"The citizenship of a limited liability company is determined by the citizenship of its members." *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 823 (9th Cir. 2024) (citing *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("A limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business.")); *see also* Civ. L.R. 3-15(b)(3) ("If a party is a limited partnership, limited liability partnership, limited corporation, or limited liability corporation," the party "must disclose the identity and citizenship of such entity's members). "Generally, LLC's are citizens of every state in which their owners/members are citizens." *Prairie Fire, LLC v. Van Vraken Enters., Inc.*, 2013 WL 12149698, at *1 (N.D. Cal. Sept. 26, 2013) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)) (cleaned up). Thus, the citizenship of Geyser Power depends on the citizenship of the LLC's members and owners. However, Plaintiffs

United States District Court
Northern District of California

did not include any allegations as to the citizenship of its members and owners. The complaint alleges only that Geyser Power is a Delaware limited liability company with its principal place of business in Texas. Compl. ¶ 7. Those facts would establish the citizenship of a corporation, *see* 28 U.S.C. § 1332(c)(1), but not the citizenship of a limited liability company. *See NewGen*, 840 F.3d at 612.

The allegations of Plaintiffs' own citizenship are also deficient. The complaint alleges that David Cline, Jackson Cline, and Zahann Cline are each a "resident" of California. Compl. ¶¶ 2–4. But a natural person's "state citizenship is . . . determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* In *Kanter*, where the pleadings alleged only that the plaintiffs were California "residents," the failure to specify their state citizenship was "fatal" to the assertion of diversity jurisdiction. *Id.* at 857–58. The complaint here also says nothing about where GC and JC reside or are domiciled. That omission matters because David Cline sues in part as their guardian ad litem, and "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2).

Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE** as to the citizenship of any members and owners of Geyser Power Company, LLC. Plaintiffs shall also state the domicile, not merely the residence, of each individual Plaintiff, including GC and JC. Plaintiffs shall file a written response to this Order by December 4, 2026. Failure to do so will likely result in dismissal of this action for lack of subject matter jurisdiction. *See Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) ("In the absence of diversity of citizenship of the real parties in interest, the district court did not have subject matter jurisdiction and should have dismissed the action.").

**IT IS SO ORDERED.**

Dated: November 20, 2026

THOMAS S. HIXSON
United States Magistrate Judge